Filed 8/5/25  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083228 |
| v. | (Super.Ct.No. RIF76063) |
| KENNETH LEE SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Kenneth Lee Smith appeals the order of the Riverside County Superior Court finding him ineligible for a full resentencing hearing under Penal Code section 1172.75.[1] We will reverse with instructions to recall defendant's sentence and to hold a section 1172.75 hearing.

## BACKGROUND

In 1998, after finding defendant guilty of two counts of robbery (§ 211), the trial court sentenced defendant to two indeterminate sentences of 25 years to life to be served consecutively. In addition, the court imposed a total of 15 years on account of three serious felony "nickel" priors, and imposed but stayed one-year sentences for each of defendant's five section 667.5, subdivision (b) (section 667.5(b)) prison priors. Defendant appealed and we remanded the case for resentencing. (*People v. Smith* (Oct. 19, 1999, E024085) [nonpub. opn.].) On remand, the trial court struck three of the prison priors and stayed the punishment on the other two.

1.  *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

---

[1] All further statutory references are to the Penal Code.

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

2. *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[3] At the ensuing hearing, the trial court found defendant was not eligible for resentencing under section 1172.75 "for the reasons articulated by the Court in People versus Archuleta," that is, because he was not serving any additional time for his prison priors.[4] Defendant timely noticed this appeal.

## DISCUSSION

On appeal, defendant argues the trial court erred when it failed to afford him a full resentencing hearing pursuant to section 1172.75, that he was entitled to relief even though the punishment for his prison prior enhancements had been stayed when he was sentenced.

When the trial court found defendant ineligible for resentencing, our appellate courts were divided on the issue whether section 1172.75 resentencing relief was limited

---

[3] On our own motion, we (i) took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augmented the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 28 of that document.

[4] The court was referring to *People v. Archuleta*, Riverside County Superior Court case No. RIF1605083 (Judge John D. Molloy). That matter was appealed to this court and we affirmed the trial court's order denying Mr. Archuleta section 1172.75 relief on the grounds he was ineligible for recall and resentencing because he was not serving any additional time for his prison priors, which either been stayed or the punishment stricken. (*People v. Archuleta* (Jan. 30, 3025, E082960) [nonpub. opn.].)

4

to those defendants whose sentence included a section 667.5(b) prison prior enhancement that was imposed and executed, or if that relief was also available if the sentence was imposed and stayed. The dispute centered on the meaning of the word "imposed." This court held that, in the context of section 1172.75, "imposed" meant that the defendant must be serving time for the prison prior. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 45, reversed at *People v. Rhodius* (2025) 17 Cal.5th 1050, 1068 (*Rhodius II*).) Other courts concluded that "imposed" includes sentences imposed and stayed. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 313–316 (*Christianson*), review granted Feb. 21, 2024, S283189.)

While defendant's appeal was pending, the issue was resolved by our Supreme Court. It held that defendants are entitled to resentencing under section 1172.75 if the underlying judgment includes a section 667.5(b) prior prison term enhancement imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1054.)

Here, the trial court imposed and stayed two section 667.5 (b) enhancements when defendant was resentenced in February 2000 after his case was remanded following his appeal from the judgment. In keeping with the Supreme Court's decision in *Rhodius*, we will reverse the trial court's finding made at the section 1172.75 hearing that defendant is not eligible for resentencing under that statute and remand this matter with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

5

## DISPOSITION

The order finding defendant ineligible for resentencing under section 1172.75, subdivision (d), is reversed with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

MENETREZ
J.